# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 27, 2010

Lyle W. Cayce
Clerk

No. 09-20721
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS NUNO VALDIVIA, also known as Carlos Valdivia Nuno, also known as Carlos Nuno, also known as Carlos V. Nuno, also known as Carlos Valdia Nuno, also known as Carlos Nuno-Valdivia, also known as Carlos Vabdivia Nuno,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-757-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Carlos Nuno Valdivia (Nuno) pleaded guilty to illegal reentry after deportation and was sentenced to 33 months of imprisonment and three years of supervised release. In calculating Nuno's guidelines sentencing range, the district court increased his offense level by eight levels pursuant to U.S.S.G.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2L1.2(b)(1)(C) because he had been deported after being convicted of an aggravated felony.

Nuno argues on appeal that the district court committed reversible error when it determined that his second of two prior narcotics possession convictions amounted to an aggravated felony under § 2L1.2(b)(1)(C). Citing *Kimbrough v. United States*, 552 U.S. 85 (2007), he contends that the treatment of two mere narcotics possession offenses in the same manner as narcotics distribution offenses is not supported by empirical data or national experience.

Nuno's "empirical data" argument is foreclosed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). However, under the Supreme Court's recent decision in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), the district court committed plain error when it increased Nuno's offense level and guidelines range pursuant to § 2L1.2(b)(1)(C) based on his commission of a second state simple drug possession offense that the record does not indicate was based on the fact of a prior conviction. *See Carachuri-Rosendo*, 130 S. Ct. at 2589; *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009); *United States v. Garza-Lopez*, 410 F.3d 268, 275 (5th Cir. 2005). Although Nuno did not raise this precise issue on appeal, this court has discretion to consider it. *See United States v. Miranda*, 248 F.3d 434, 444 (5th Cir. 2001). Accordingly, the district court's decision is vacated and the case is remanded to the district court for resentencing.

Nuno also argues that the district court committed reversible error in denying his request for a downward departure based on cultural assimilation. However, we lack jurisdiction to review the denial of a request for a downward departure unless the denial was based on the district court's incorrect belief that it lacked authority to grant the departure, and nothing in the record indicates that the district court held such an incorrect belief. *See United States v. Lucas*, 516 F.3d 316, 350 (5th Cir. 2008).

SENTENCE VACATED and REMANDED.